*Fields v. Potter*, 756-11-15 Wncv (Teachout, J., Aug. 27, 2018)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 756-11-15 Wncv** |

**DOUGLAS F. FIELDS and JULIE FIELDS**
    **Plaintiffs**

    **v.**

**TINA POTTER**
    **Defendant**

### DECISION
### Mr. Fields' Rule 60 Motion to Reopen

Plaintiffs Douglas F. Fields and Julie Fields filed this case in 2015 alleging injuries suffered in an automobile collision negligently caused by Defendant Tina Potter. It was dismissed in January 2017 after the Fields' counsel withdrew, no successor counsel appeared, and neither plaintiff ever entered a pro se appearance. Eighteen month later, Mr. Fields (and not Ms. Fields) filed a Rule 60 motion arguing that the case should be reopened because he never received notice that his counsel had withdrawn, that he was required to enter a pro se appearance or have successor counsel enter an appearance, or that the case had been dismissed. He claims that there was a clerical error warranting relief under Rule 60(a) or some extraordinary set of circumstances warranting relief under Rule 60(b)(6).

Mr. Fields' counsel sought to withdraw based on representations that Mr. Fields had not been communicating with him and counsel had come to believe that he was intentionally refusing to communicate with him. Based on those representations, the court granted the motion to withdraw. Court staff asked Mr. Fields' attorney for an accurate address in order to send the Rule 79.1(g) notification of the withdrawal and need to enter a pro se appearance or appearance by successor counsel to avoid dismissal. There is no dispute that Mr. Fields' attorney provided the court with Mr. Fields' last known address, a location in Northfield, and that the court sent the notice to that address. Neither the notice of hearing on the attorney's motion to withdraw that the court sent to Mr. Fields before the hearing, nor the Rule 79.a (g) notification that the court sent after the withdrawal, were returned to the court as undelivered.

Mr. Fields asserts in his motion to reopen that he never received the notice because he had moved to South Burlington from Northfield a long time earlier and was not otherwise aware of his attorney's withdrawal, the need to enter an appearance, or the later dismissal of this case for lack of any entry of an appearance.[1] He offers no explanation for having not kept his attorney informed of his current address or contacting him in the year following dismissal, and he does not assert that he provided his correct address to his attorney but his attorney provided the wrong address to the court.

---

[1] He asserts in his affidavit that he was aware that his attorney intended to withdraw but not that it actually had happened.

The question is not whether Mr. Fields in fact was subjectively unaware of the need to enter an appearance and the dismissal of this case. The question is why Mr. Fields' counsel, and then this court, did not have Mr. Fields' correct address when it mattered, and why Mr. Fields failed to discover the dismissal within one year. Mr. Fields offers no explanations in support of his motion. The only reasonable inference that can be drawn is that this occurred due to neglect on Mr. Fields' part.

The issue of neglect is addressed at Rule 60(b)(1), not Rule 60(b)(6). A motion seeking relief pursuant to Rule 60(b)(1) must be filed within one year of the judgment at issue. Mr. Fields' motion was not filed within one year of the court's dismissal decision. There is no basis for Rule 60(b) relief. Mr. Fields' neglect simply lasted too long.

No "clerical error" that might be corrected pursuant to Rule 60(a) has been alleged.

ORDER

For the foregoing reasons, Mr. Fields' motion to reopen is *denied*.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout
Superior Judge

2